UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONEAL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>PRESERVATION MANAGEMENT, INC., et al.,<br><br>Defendants. | No. 21 C 02878<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

ONeal Johnson filed this *pro se* Title VII employment discrimination suit against his former employer, Preservation Management, Inc., and various other individuals, alleging that he was harassed and eventually fired from his job due to his race. Now before the Court are several motions failed by various parties. A complete statement of the Court's disposition of these motions is set out at the conclusion of this Order.

**Background**

Johnson started working as a maintenance employee at Van Buren Place Apartments in or around July 2019. For several months he was employed by a temporary employment management company called Express Employment Professionals. In October 2019, he was hired by Preservation Management, the company that manages Van Buren Place.

Johnson alleges that he quickly came into conflict with two Preservation Management employees at Van Buren Place: Dolores Aspeitia, a supervisor, and

1

Mike Kurka, a janitor. Johnson claims that Aspeitia and Kurka harassed him with insults and interference with his job duties, including the use of racial language. Johnson also alleges, among other things, that Aspeitia made certain unwanted sexual advances toward him, then retaliated when he refused those advances. Johnson claims to have reported his complaints to Preservation Management employees Marissa Severance and Pamela Bergner, who either failed to remedy the situation or decided to fire Johnson in retaliation. Johnson's employment with Preservation Management was terminated on November 18, 2020.

Johnson filed his original complaint on May 28, 2021, naming Preservation Management, Van Buren Place Apartments, Aspeitia, Severance, Bergner, and Hector Landor[1] as defendants. On June 15, 2021, copies of the complaint and summons for each named defendant were personally delivered to Aspeitia at an address located at Van Buren Place Apartments. R. 16. Severance, Bergner, and Landor thereafter filed a motion and an amended motion to quash service. R. 14, R. 18. Van Buren Place and Aspeitia filed a Rule 12(b)(6) motion to dismiss, and Preservation Management and Aspeitia filed a Rule 12(f) motion to strike. R. 20.

Johnson then filed a motion to correct or amend his complaint to change the name of certain defendants and add new defendants. R. 24. In that motion, Johnson indicated that he had inadvertently neglected to name "Mike the janitor" (later

---

[1] It is not clear from Johnson's complaint whether Landor is or was an employee of Preservation Management. He allegedly participated in the harassment of Johnson alongside Aspeitia, but seemingly only after Johnson was terminated.

2

identified as Kurka), had mistakenly named Van Buren Place Apartments instead of "The Owners of Van Buren [Place] Apartments," and had identified Steve M. Greenbaum as one of the owners of Van Buren Place, whom he wished to add as a defendant. The Court held a motion hearing on October 1, 2021, where it granted Johnson's motion to amend. It also granted an extension of time for Johnson to respond to the existing motions. Johnson thereafter filed the operative amended complaint, naming the new defendants. R. 30.

On December 6, 2021, purported alias summons[2] directed to Preservation Management, Severance, and Bergner were personally delivered to Ann Cullen, an employee of Preservation Management, at its office in the state of Maine. According to Defendants, these summonses did not bear a seal from the issuing court. On December 13, Johnson filed purported proof of service of what appear to be slightly different copies of these alias summons that include a seal and partially illegible signature. Each service affidavit also includes a note that Ms. Cullen "conferred with management to confirm acceptance." Preservation Management, Severance, and Bergner then filed an additional motion to quash service, R. 43, while Greenbaum filed a Rule 12(b)(6) motion to dismiss.

On February 28, 2022, Johnson filed two additional motions. The first is another motion to amend his complaint, R. 48, in which Johnson again seeks to add

---

[2] An "alias summons" is a "summons issued when original has not produced its effect because defective in form or manner of service, and when issued, supersedes the first writ." *In re Peacock*, 125 B.R. 526, 527 n.4 (N.D. Ill. 1991) (quoting *Black's Law Dictionary* 66 (5th ed.1979)).

additional owners of Van Buren Place Apartments as defendants. Johnson in that motion also indicates his intention to drop Aspeitia, Kurka, and Landor as defendants.

Johnson's second motion, R. 49, is effectively a motion for sanctions against defense counsel related to the dispute over the attempted service at Preservation Management's office in Maine. Johnson disputes defense counsel's representations regarding the contents of the summons delivered to Ms. Cullen at Preservation Management's office in Maine. Johnson further states that this service was effective on Preservation Management because Cullen was authorized to accept it.

## Discussion

Johnson's first amended complaint states a plausible Title VII employment discrimination case against his former employer, Preservation Management. This case should proceed only on that claim between him and his former employer. Nonetheless, for completion's sake, the Court will address each pending motion in turn.

I. <u>Motions to Quash Service (R. 14, R. 18, R. 43)</u>

Severance, Bergner, and Landor have all moved to quash the various attempts to service them as ineffective. Preservation Management has moved to quash the December 6, 2021 service as futile.

Federal Rule of Civil Procedure 4(e) governs the service of process on an individual in a judicial district. Rule 4(e) provides four allowable methods of service: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

4

(2) delivering a copy of the summons and of the complaint to the individual personally; (3) leaving a copy of each at the individual's dwelling or usual place of above with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Illinois permits service on an individual through either (1) personal service; or (2) leaving a copy of the summons at the individual's usual place of abode with a family member or resident at least 13 years old. 735 ILCS 5/2-203. The Maine Rules of Civil Procedure largely track the Federal Rules, and also permit service by mail. Maine R. Civ. P. 4(c), (d).

Johnson has not properly served Defendants Severance, Bergner, or Landor. He has made two attempts to serve Severance and Bergner. First, he left copies of the summons and complaint directed toward them with Aspeitia at a Van Buren Place address. It appears that none of the relevant parties reside at this address. The only connection between Aspeitia, Severance, and Bergner is that each reportedly works for Preservation Management. No applicable rule permits service via personal delivery to a co-worker.

Johnson's second attempt to serve Severance and Bergner was to personally deliver the documents through a process server to a Preservation Management employee at its office in Maine. A disagreement exists as to whether the summons provided with this attempt were facially valid. Ultimately this question is irrelevant. Again, personal service on a co-worker is not a valid method for serving an individual under the Federal Rules or the laws of either Illinois or Maine. The note indicating

that Ms. Cullen agreed to accept service after conferring with management presumably relates to Preservation Management only—its management team would not have any authority to authorize Cullen to accept personal service on behalf of Severance and Bergner as individuals (unless they affirmatively consented, which is not indicated in the record). In any event, even assuming the summons was valid and Cullen was able to accept on Preservation Management's behalf, this second attempt was unnecessary, as Preservation Management had already appeared and filed its Answer to the complaint by the time service was attempted in Maine.

Accordingly, the motions to quash service on Severance, Bergner, and Landor (R. 14, R. 18, and R. 43) are granted. Preservation Management's motion to quash the second attempt at service as futile (R. 43) is also granted.

II.     Motion to Dismiss filed by Aspeitia and Van Buren Place Apartments (R. 20)

Van Buren Place Apartments moved to dismiss all claims against it on the ground that it is not a legal entity with the capacity to be sued. State law generally controls whether an entity has the legal capacity to be sued under Federal Rule 17(b). *Wemple v. Ill. State Police*, 2005 WL 2001150, at *3 (C.D. Ill. Aug. 8, 2005). In Illinois, an entity "must have a legal existence, either natural or artificial, to sue or be sued." *Jackson v. Village of Rosemont*, 536 N.E.2d 720, 723 (Ill. App. Ct. 1988).

"Van Buren Place Apartments" is the name of the apartment complex where Johnson worked, but he apparently concedes that it is not a legal entity. His amended complaint substitutes "Owners of Van Buren Place Apartments" in place of the apartment complex itself. Therefore, to the extent Johnson's complaint continues to

6

assert a claim against "Van Buren Place Apartments," it is dismissed. Van Buren Place Apartments' motion is otherwise denied as moot.

Aspeitia moved to dismiss any claim against her on the grounds that she is not a proper defendant in an employment discrimination suit under Title VII. "Seventh Circuit law is clear that . . . Title VII do[es] not provide for individual liability." *Aku v. Chi. Bd. of Educ.*, 290 F. Supp. 3d 852, 860 (N.D. Ill. 2017). Only "employers" as defined by the statute may be held liable under Title VII, and "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer." *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995).

The facts as alleged demonstrate that Aspeitia was at most Johnson's supervisor while he was working for Preservation Management. Both were employed by Preservation Management. While a plaintiff may have multiple employers for the purposes of Title VII liability, *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015), the facts here do not show that an employer-employee relationship existed between Johnson and Aspeitia. Accordingly, Aspeitia is not a proper defendant in this Title VII employment discrimination case and her motion to dismiss is granted.

III.     Motion to Dismiss filed by Steve Greenbaum (R. 44)

In addition to adding the "Owners of Van Buren Place Apartments" as defendants generally, Johnson's amended complaint specifically names Steve Greenbaum, one of said owners. However, outside of the case caption, Greenbaum's name is completely absent from the amended complaint. There are no allegations that Greenbaum is affiliated with Preservation Management, had any employer-employee relationship with Johnson, or participated in any discrimination against him.

7

At minimum, a complaint must provide a defendant with fair notice so it may properly respond to or defend against the claim. *Pierce v. Montgomery Cty. Opportunity Bd., Inc.*, 884 F. Supp. 965, 971 (E.D. Pa. 1995). But here, Greenbaum is left to guess what he is being accused of and why. Johnson's complaint fails to state any plausible claim against Greenbaum, therefore Greenbaum's motion to dismiss is granted. The Court also *sua sponte* dismisses Johnson's claim against the "Owners of Van Buren Place Apartments" for the same reason.

IV. Motion to Strike filed by Aspeitia and Preservation Management (R. 20)

Aspeitia and Preservation Management ask the Court pursuant to Rule 12(f) to strike three paragraphs from the supplemental narrative in Johnson's complaint that allege sex-based conduct. They contend that these references are irrelevant to Johnson's Title VII claim, which is limited to discrimination based on race.

"Motions to strike are generally disfavored." *Brady ex rel. Smith v. SSC Westchester Operating Co. LLC*, 533 F. Supp. 3d 667, 677 (N.D. Ill. 2021). Motions to strike should typically be reserved for removing delay-inducing clutter from a case. *Id.* While the paragraphs in question are inflammatory, Defendants have not explained why those paragraphs are likely to cause delay in this case. Particularly given Johnson's *pro se* status, the Court is not inclined to trim his pleadings without good reason. Johnson's inclusion of alleged sexual harassment is not so far afield of his claim as to be "unnecessary clutter," particularly when that harassment may fairly be read as intertwined with coinciding racial discrimination. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). And his inclusion of some sex-based conduct in the complaint does not mean he will automatically be

8

entitled to broad discovery on issues outside the scope of his claim. *See Brady*, 533 F. Supp. 3d at 677. Therefore, the motion to strike is denied.

V.   Johnson's Motion to Amend (R. 48)

Johnson's motion is granted in part and denied in part. To the extent Johnson's motion seeks to voluntarily dismiss his claims against Aspeitia, Kurka, and Landor, it is granted. However, his request to add additional owners of Van Buren Place Apartments as defendants is denied. As noted above in relation to Greenbaum's motion to dismiss, Johnson's complaint contains no allegations as to the personal involvement of any of Van Buren Place's ownership in the discrimination he alleges. While Johnson was employed to work *at* Van Buren Place, that does not mean the complex's ownership was his employer. Accordingly, these proposed additional owners are not proper defendants in a Title VII employment discrimination case, and any amendment to add them would be futile. *See Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015) (noting that amendment may be denied as futile if it could not withstand a motion to dismiss).

VI.  Johnson's Motion for Sanctions (R. 49)

The dispute over the contents of the summons delivered to Preservation Management's office in Maine appears borne out of confusion, not misconduct. The Court is willing to credit Johnson's explanation that multiple different copies of the service documents were provided to Preservation Management. However, as explained above, even assuming the documents delivered to Preservation Management (and later filed on the docket at R. 35) were valid, service was ineffective. Preservation Management had already answered, while Severance and

Bergner—who are not proper defendants in this case anyway—cannot be served through personal delivery to a co-worker. This issue does nothing to advance Johnson's potential claim, and his motion for sanctions is denied.

## Conclusion

For the foregoing reasons, the Court resolves all pending motions as follows:

- The original and amended motions to quash service filed by Severance, Bergner, and Landor, R. 14 and R. 18, are granted.

- The second motion to quash service filed by Severance, Bergner, and Preservation Management, R. 43, is granted.

- The motion to dismiss filed by Aspeitia and Van Buren Place Apartments, R. 20, is granted. Aspeitia and Van Buren Place Apartments are dismissed as defendants in this case.

- The motion to strike filed by Aspeitia and Preservation Management in conjunction with the motion to dismiss, R. 20, is denied.

- The motion to dismiss filed by Greenbaum, R. 44, is granted. Greenbaum is dismissed as a defendant in this case. The Court also *sua sponte* dismisses the "Owners of Van Buren Place Apartments" as defendants.

- Johnson's motion to amend, R. 48 is granted in part and denied in part. Defendants Kurka and Landor are dismissed as Defendants in this case. Johnson's request to add additional owners of Van Buren Place Apartments as defendants is denied.

- Johnson's motions for sanctions, R. 49, is denied.

As a result of these rulings, the only remaining Defendant who has been properly served is Preservation Management. Johnson and Preservation Management should confer on a discovery schedule and submit a proposed discovery plan to the Court by March 23, 2022.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: February 28, 2022

11