UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONEAL JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PRESERVATION MANAGEMENT, INC., et al.,<br><br>    Defendants. | No. 21 C 02878<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

ONeal Johnson filed this *pro se* Title VII employment discrimination suit against his former employer, Preservation Management, Inc., and various other individuals, alleging that he was harassed and eventually fired from his job due to his race. Johnson moves to amend his complaint. For the reasons discussed below, Johnson's motion is granted in part and denied in part.

**Background**

Johnson started working as a maintenance employee at Van Buren Place Apartments in July 2019. For several months, he was employed by a temporary employment management company called Express Employment Professionals. In October 2019, he was hired by Preservation Management, the company that manages Van Buren Place Apartments. Johnson resided at Van Buren Place Apartments until he was evicted on November 30, 2021.

Johnson filed a charge with the EEOC on March 10, 2021, and after receiving a Notice of Right to Sue, filed his original complaint on May 28, 2021. R. 1. His

1

complaint alleged that he was harassed and eventually terminated from his employment as a maintenance employee by Preservation Management on account of his race. *Id.* The original complaint named the following entities and individuals as defendants: Preservation Management, Van Buren Place Apartment, Delores Aspeitia, Marissa Severance, Pamela Bergner, and Hector Landor. *Id.* With leave of court, Johnson filed an amended complaint on October 18, 2021, correcting the names of certain defendants and adding new defendants, including Mike Kurka. *See* R. 30. Several of the named defendants moved to quash service and/or dismiss the claims against them. On January 5, 2022, while those motions were pending, Johnson moved to amend his complaint to add claims of "retaliation, conspiracy, harassment, [and] intimidation." R. 37. The Court denied this motion without prejudice, stating that it would not consider a motion to amend until it had ruled on the pending motion to dismiss. R. 38. Johnson filed another motion to amend his complaint on February 28, 2022 to remove and add certain defendants. R. 48.

In a February 28, 2022 Order, the Court granted motions to quash service on several named defendants and dismissed most of the claims and defendants from Johnson's complaint. R. 50. The Court also granted Johnson's motion to amend his complaint to the extent he sought to voluntarily dismiss claims against Aspeitia, Kurka, and Landor, but denied his request to add other defendants. *Id.* The Order stated, "Johnson's first amended complaint states a plausible Title VII employment discrimination case against his former employer, Preservation Management. This case should proceed only on that claim between him and his former employer." *Id.* at

2

4. The Court ordered Johnson and Preservation Management to submit a discovery schedule on the employment discrimination claim by March 23, 2022. R. 51.

On May 9, 2022, Johnson moved for an extension of time to issue written discovery and file an amended complaint. R. 57. The Court granted the discovery extension but denied his request for additional time to file an amended complaint, noting that it was "not clear what purpose an amended complaint would serve at this time." R. 59. The Court reminded Johnson that he could not file an amended complaint without Preservation Management's written consent or leave of court, and that any motion for leave to amend "would need to include a copy of the proposed amended complaint and an explanation of the legal and factual basis for the proposed amendment." *Id.*

On July 25, 2022, Johnson moved for reconsideration of the Court's January 6, 2022 Order denying his motion to amend. R. 66. He did not include a proposed amended complaint but referred to the allegations in his First Amended Complaint. Johnson subsequently provided his proposed amended complaint as an attachment to his reply brief.[1] *See* R. 72. The proposed amended complaint alleges that after and in response to his filing of an EEOC charge and a federal suit, Preservation Management and other "Defendants" installed a security camera in the hallway outside of his apartment pointed at his front door, towed his vehicle from the

---

[1] This Court declines to take judicial notice of the exhibits attached to and cited in Johnson's proposed amended complaint as "their contents would not affect the Court's analysis at this stage." *See Beacon Hill Staffing Grp., LLC v. Beacon Resources, LLC*, No. 19 C 04121, 2020 WL 7027651, at *2 (N.D. Ill. Nov. 30, 2020).

3

building's parking lot, and otherwise intimidated and harassed him. *Id.* It seeks to add claims for retaliation, harassment, invasion of privacy, and conspiracy to violate Johnson's rights. Because this was the first time either the Court or Preservation Management had the opportunity to review the proposed amended complaint, the Court allowed Preservation Management to file a surreply addressing the new allegations. *See* R. 75. With leave of court, Johnson filed a response to Preservation Management's surreply on October 31, 2022. *See* R. 89.

**Discussion**

The Court construes Johnson's motion in two ways: first, as a motion for leave to amend his complaint for reasons similar to those cited in his January 5, 2022 motion to amend pursuant to Federal Rule of Civil Procedure 15(a); and second, as a motion for reconsideration of the Court's January 6, 2022 Order under Rule 60(b). *See Haynes v. City of Chi.*, No. 12 C 2980, 2014 WL 274107, at *1 (N.D. Ill. Jan. 24, 2014) (construing a *pro se* litigant's motion for reconsideration to include a motion to amend complaint per the court's obligation to liberally construe *pro se* litigants' filings).

I.   Motion for Leave to Amend

Johnson seeks to add claims of retaliation, harassment, invasion of privacy, and conspiracy to violate civil rights to his complaint. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely given when justice so requires." Additionally, "[c]ourts should liberally grant leave to amend when the party seeking leave to amend appears *pro se*." *Garland v. Fairman*, No. 93 C 202, 1993 WL 387341, at *3 (N.D. Ill. Sept. 23, 1993) (citation omitted). However, leave to

4

amend is inappropriate "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

    A. Futility

An amendment is futile when it "fails to state a valid theory of liability" or "could not withstand a motion to dismiss." *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir. 1992). Because Johnson is a *pro se* litigant, the Court construes his pleadings liberally. *See Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020).

    1. Retaliation

To plead a Title VII retaliation claim, a plaintiff must allege that he engaged in a statutorily protected activity and was subjected to adverse employment action as a result of that activity. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Protected activities include opposing employment practices made unlawful under Title VII, such as by filing a charge or participating in a Title VII investigation, proceeding, or hearing. *See, e.g.*, *Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 924 (7th Cir. 2007) (citing 42 U.S.C. § 2000e–3(a)). In the retaliation context, an "adverse employment action" includes any "materially adverse nonemployment-related discriminatory actions that might dissuade a reasonable employee from lodging a discrimination charge." *Szymanski v. Cnty. of Cook*, 468 F.3d 1027, 1029 (7th Cir. 2006) (citing *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). Moreover, post-employment retaliation claims are actionable

under Title VII. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 667 (7th Cir. 2013).

Johnson alleges that "Defendants" retaliated against him for filing an EEOC charge and Title VII suit by installing a camera pointed at his front door and refusing to take it down, improperly towing his car, and otherwise harassing and intimidating him. While he does not identify them as Defendants in the caption, Johnson refers to Aspeitia, Bergner, Severance, and Landor throughout his proposed amended complaint. *See* R. 72 ¶¶ 5, 6, 7. As explained when this Court previously dismissed claims against Aspeitia, "Title VII do[es] not provide for individual liability." *Aku v. Chi. Bd. of Educ.*, 290 F. Supp. 3d 852, 860 (N.D. Ill. 2017); R. 50. As such, his retaliation claim is futile as to Aspeitia, Bergner, Severance, and Landor.

However, Johnson's retaliation claim is not futile as to Preservation Management. Johnson engaged in protected activities by filing an EEOC charge and a Title VII suit. Further, although unspecified "intimidation" does not rise to the level of an adverse action under the anti-retaliation provision of Title VII, *Henry v. Milwaukee Cnty.*, 539 F.3d 573, 587 (7th Cir. 2022), installing a camera directed at a person's apartment and towing a person's car could dissuade a reasonable employee from pursuing a discrimination claim. *See Aviles v. Cornell Forge Co.*, 183 F.3d 598, 606 (7th Cir. 1999) (employee stated Title VII retaliation claim based on employer's alleged false report to the police that employee was "armed and [ly]ing in wait" outside the employer's building); *Mira v. Media*, No. 15-9990, 2017 WL 1184302, at *7 (S.D.N.Y. Mar. 29, 2017) ("[I]t is not difficult to imagine that . . . surveillance might

intimidate a reasonable employee and dissuade her from complaining about discrimination."). This is especially true here because Preservation Management controls the building where Johnson resided, making their actions all the more intimidating.

Preservation Management argues that Johnson's claims should be barred because he has not exhausted his administrative remedies. This Court disagrees. Generally, plaintiffs are prohibited from bringing claims that were not included in their original or any subsequent charges of discrimination filed with the EEOC. *See Cheeks v. W&S Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). However, there is an exception for alleged retaliation occurring in response to the EEOC charge. *See Gawley v. Indiana Univ.*, 276 F.3d 301, 314 n.8 (7th Cir. 2001) (citing *Aviles*, 183 F.3d at 603) ("An employee is not required to file a separate EEOC charge alleging retaliation when the retaliation occurs in response to the filing of the original EEOC charge."). Johnson's allegations that Preservation Management engaged in the challenged conduct in retaliation for his filing of the EEOC complaint and the federal suit fit squarely within this exception. His retaliation claim is not futile due to a failure to exhaust administrative remedies.

    2. Harassment

Johnson asserts that "Defendants" harassed him by installing the camera in the hallway in front of his apartment and otherwise applying "host[ile], intimidating, aggressive pressure." R. 72 ¶ 9. While Johnson raises a claim of harassment in violation of Title VII in his proposed amended complaint, he clarifies that he is

alleging harassment on account of his disability in his October 31, 2022 response. R. 89 ¶ 1. To be actionable under the Americans with Disabilities Act, harassment must be "so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment." *See Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 856 (7th Cir. 2019) (citation omitted). Because the conduct that Johnson alleges in support of this claim occurred after his termination from Preservation Management, his harassment claim is futile.

Johnson's October 31, 2022 response seems to suggest that he also seeks to add a claim of disability harassment based on conduct that occurred before he filed his EEOC charge. Such a claim is also futile because he did not exhaust his administrative remedies. *See Cheeks*, 31 F.3d at 500. Johnson did not check the box for disability discrimination or otherwise make any reference to his depression in his EEOC charge. *See Johnson v. Beach Park Sch. Dist.*, 638 F. App'x 501, 502 (7th Cir. 2016) ("Johnson failed to exhaust her administrative remedies for her age discrimination claim [because] [n]othing in her EEOC charges . . . even hints at age discrimination."). Nor did Johnson attempt to amend that charge after filing it or file a new charge alleging harassment on account of his disability.[2] Accordingly, Johnson does not have a viable claim of disability harassment.

    3. Invasion of Privacy

---

[2] Johnson's assertion that his signed EEOC charge did become a "full charge" until he received an interview, which never occurred, misunderstands the process of filing an EEOC charge.

8

Johnson alleges that "Defendants" violated his right to privacy by installing a camera in the hallway pointed at his front door and refusing to take it down. The legal basis for Johnson's claim is unclear. Johnson clarifies in his October 31, 2022 response that he does not intend to rely on the criminal statute he cites in his proposed amended complaint, which does not provide a private right of action. But he does not offer any legal basis in its place. The two cases Johnson cites from outside this jurisdiction in his proposed amended complaint lend no further clarity or support. *See Black v. Aegis Consumer Funding Grp., Inc.*, No. 99-0412-P-S, 2001 WL 228062, at *7 (S.D. Ala. Feb. 8, 2001) (harassment in connection with collection of debt gave rise to actionable invasion of privacy claim under Alabama law); *Strutner v. Dispatch Printing Co.*, 2 Ohio App. 3d 377, 379 (Oh. App. 1982) (publishing article with personal information did not give rise to actionable claim for invasion of privacy under Ohio law). As Johnson fails to state a valid theory of liability, his invasion of privacy claim is futile.

    4. Conspiracy to Violate Civil Rights

Johnson asserts that in retaliation for filing his EEOC charge and federal suit, "Defendants" conspired to violate his civil rights by agreeing to install a camera pointed at his front door, tow his car, and harass him in retaliation for filing the EEOC charge and federal suit. While Johnson does not specify the legal basis of his conspiracy claim, we infer from the nature of the claim that he seeks to enforce his rights pursuant to 42 U.S.C. § 1985(3). But "§ 1985(3) may not be invoked to redress violations of Title VII." *See Great American Federal Savings & Loan Association v.*

9

*Novotny*, 442 U.S. 366, 378 (1979). Because the alleged conduct on which Johnson bases his conspiracy claim is coextensive with his Title VII retaliation claim, Johnson's conspiracy claim is futile.

    B. Undue Delay and Prejudice

Preservation Management argues that Johnson is unduly delayed in bringing the new claims because he has known about the underlying conduct since the Court's February 28, 2022 Order on the motion to dismiss, and in certain respects since he filed his original complaint. Indeed, Johnson's original complaint included allegations that Preservation Management installed a camera facing his door and refused his requests that they take it down, R. 1, and his vehicle was towed several days before he sought leave to correct and add names of certain defendants in his original complaint, R. 25. And although the Court denied Johnson leave to amend his complaint while the motion to dismiss was pending, he waited until nearly five months after the Court's ruling on the motion to dismiss to file the present motion, and nearly six months to file the proposed amended complaint.

Even so, "delay by itself is normally an insufficient reason to deny a motion for leave to amend." *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (district court abused its discretion in denying leave to amend where plaintiffs filed a motion for leave to amend eight months after the dismissal of the first amended complaint). Rather, "[t]he underlying concern is the prejudice to the defendant." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014). Preservation Management argues that it will be prejudiced by allowing Johnson to

amend his complaint while discovery on his Title VII discrimination claim is underway. But discovery is not scheduled to close for several months, and depositions are still pending. R. 56, 82; *cf. Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (affirming denial of leave to amend brought three days before the close of discovery and after numerous depositions had already taken place). Moreover, any actual or anticipated prejudice with respect to the time needed for additional discovery on any new issues presented by the retaliation claim can be remedied if necessary and is not a basis for requiring Johnson to file a separate suit to pursue his retaliation claim.

II.     Motion for Reconsideration

District courts consider motions for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b). *See Scott v. Bender*, 948 F. Supp. 2d 859, 864 (N.D. Ill. 2013) (citing *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)). When a Rule 59(e) motion is filed more than 10 days after entry of judgment, it becomes a Rule 60(b) motion. *Talano v. Nw. Med. Fac. Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Rule 60(b) provides that the Court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Rule 60(c) also requires that a motion under Rule 60(b) be made within a reasonable time.

The Court construes Johnson's filing liberally, as it is required to do for *pro se* litigants. Johnson seems to argue, under Rule 60(b)(5), that the Court's January 6, 2022 Order has been satisfied or discharged because the pending motion to dismiss has been ruled on. The Court's Order was not a "judgment," so this provision does not apply. In any event, the January 6, 2022 Order does not affect whether or not Johnson may seek leave to amend his complaint at this stage. The January 6, 2022 Order barred Johnson from seeking leave to amend "until the pending motion to dismiss is ruled on." R. 38. Johnson has therefore been free to seek leave to amend since the Court ruled on the motion to dismiss on February 28, 2022. Accordingly, the motion to reconsider the January 6, 2022 Order is denied.

## Conclusion

For the foregoing reasons, Johnson's motion for leave to amend his complaint is granted only as to the retaliation claim against Preservation Management and denied in all other respects. Johnson's motion for reconsideration of the January 6, 2022 Order is also denied.

Johnson has 21 days to file an amended complaint if he chooses to do so. The Court notes that when a plaintiff files an amended complaint, the amended complaint becomes the "governing document," such that any claims included in previous

12

complaints but omitted from the amended complaint are waived. *Anderson v. Dohahoe*, 699 F.3d 989, 997 (7th Cir. 2012). Johnson did not include the Title VII discrimination claim in his proposed amended complaint. Based on Johnson's representations in his October 31, 2022 response, this Court understands Johnson's intent is to add new claims, not abandon and replace his Title VII discrimination claim. Johnson is permitted to file an amended complaint that includes the Title VII discrimination claim as to Preservation Management and related allegations from his first amended complaint and the retaliation claim as to Preservation Management and related allegations from his proposed amended complaint. Johnson may not file an amended complaint that includes any other Defendants or claims.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: November 2, 2022

13